**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

JAMES M. KLOS

　　　　　Debtor(s)
Ronda J. Winnecour
　　　Movant
　　　vs.
JAMES M. KLOS

Case No.:13-10982 TPA

Chapter 13

Document No.:

**CHAPTER 13 TRUSTEE'S MOTION FOR COMPLETION OF CASE AND APPROVAL OF TRUSTEE'S
REPORT OF RECEIPTS AND DISBURSEMENTS (NO DISCHARGE)**

Ronda J. Winnecour, Chapter 13 Trustee, respectfully represents the following:

1. The plan was confirmed in this Chapter 13 case, and the undersigned served as Trustee.

2. The Trustee has examined the terms of the confirmed Chapter 13 plan, the history of the payments to creditors and the claims filed in this Chapter 13 Case.  The Trustee now recommends that the Court    treat thisChapter 13 case as complete.

3. Attached hereto for approval, please find the **Trustee's Report of Receipts and Disbursements** inthis case.

4. As a result of a prior bankruptcy discharge received by the debtor(s) within the statutory time period   prior to the commencement of this case, the Trustee avers that the debtor(s) is (are) not entitled to a    discharge in this case.

5. After all distribution checks have been negotiated or funds deposited into the Court's registry, the  Trustee's office will file **UST FORM 13-FR-S: Chapter 13 Standing Trustee's Final Report and   Account** (the "Final Report").     Upon submission of the Final Report, the Trustee asks the Court to  discharge her from her duties in this case and close this case.

WHERFORE, the Trustee respectfully requests that the Court,
　　　(a) Approve the Trustee's Report of Receipts and Disbursements,
　　　(b) Revest property of the estate with the debtor(s),
　　　(c) Terminate wage attachments, and
　　　(d) Enter a final decree and close this case.

November 27, 2018

/s/  Ronda J. Winnecour
RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

## TRUSTEE'S REPORT OF RECEIPTS AND DISBURSEMENTS

Ronda J. Winnecour, Trustee for the above case, submits the following report pursuant to 11 USC 1302 (b) (1).

    1.  The case was filed on 08/06/2013  and confirmed on 10/16/13 .  The case was subsequently       Completed After Confirmation

    2. The Trustee made the following disbursements.

| | | |
|---|---:|---:|
| Total Receipts | | 114,371.53 |
| Less Refunds to Debtor | 3,258.72 | |
| TOTAL AMOUNT OF PLAN FUND | | 111,112.81 |

| Administrative Fees | | |
|---|---:|---:|
| Filing Fee | 0.00 | |
| Notice Fee | 0.00 | |
| Attorney Fee | 7,355.00 | |
| Trustee Fee | 4,538.82 | |
| Court Ordered Automotive Insurance | 0.00 | |
| TOTAL ADMINISTRATIVE FEES | | 11,893.82 |

| Creditor Type  Creditor Name | Claim Amount | Prin Paid | Int Paid | Total Paid |
|---|---:|---:|---:|---:|
| **Secured** | | | | |
| NATIONSTAR MORTGAGE LLC(*) | 7,898.41 | 7,898.41 | 0.00 | 7,898.41 |
| Acct: 1051 | | | | |
| NATIONSTAR MORTGAGE LLC(*) | 0.00 | 16,188.29 | 0.00 | 16,188.29 |
| Acct: 1051 | | | | |
| NATIONSTAR MORTGAGE LLC(*) | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: 1051 | | | | |
| NCEP LLC | 0.00 | 35,287.92 | 0.00 | 35,287.92 |
| Acct: 5327 | | | | |
| NCEP LLC | 0.00 | 35,303.42 | 0.00 | 35,303.42 |
| Acct: 5168 | | | | |
| | | | | 94,678.04 |
| **Priority** | | | | |
| CHRISTOPHER M FRYE ESQ | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: | | | | |
| JAMES M. KLOS | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: | | | | |
| JAMES M. KLOS | 3,258.72 | 3,258.72 | 0.00 | 0.00 |
| Acct: | | | | |
| STEIDL & STEINBERG | 3,300.00 | 3,300.00 | 0.00 | 0.00 |
| Acct: | | | | |
| STEIDL & STEINBERG | 4,055.00 | 4,055.00 | 0.00 | 0.00 |
| Acct: XXXXXXXXXXXXXXXXXXXXXXXXXXX2-18 | | | | |
| | ***N O N E*** | | | |
| **Unsecured** | | | | |
| PRA RECEIVABLES MANAGEMENT LLC - | 594.10 | 130.81 | 0.00 | 130.81 |
| Acct: 1652 | | | | |
| LVNV FUNDING LLC, ASSIGNEE | 12,528.09 | 2,758.42 | 0.00 | 2,758.42 |
| Acct: 9001 | | | | |
| AT & T MOBILITY II LLC | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: XXX9042 | | | | |
| AT & T MOBILITY II LLC | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: XXX7696 | | | | |
| ALTAIR OH XIII LLC | 771.51 | 169.87 | 0.00 | 169.87 |

| Creditor Type  Creditor Name | Claim Amount | Prin Paid | Int Paid | Total Paid |
|---|---|---|---|---|
| Unsecured | | | | |
| Acct: 2439 | | | | |
| ALTAIR OH XIII LLC | 805.07 | 177.26 | 0.00 | 177.26 |
| Acct: 4089 | | | | |
| ALTAIR OH XIII LLC | 876.13 | 192.91 | 0.00 | 192.91 |
| Acct: 3390 | | | | |
| ONE MAIN FINANCIAL INC A/S/F CITIFINA | 5,048.95 | 1,111.68 | 0.00 | 1,111.68 |
| Acct: 2186 | | | | |
| COLLECTION SERVICE CENTER INC | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: XXX79G1 | | | | |
| AIS PORTFOLIO SERVICES** | 0.00 | 0.00 | 0.00 | 0.00 |
| Acct: | | | | 4,540.95 |

TOTAL PAID TO CREDITORS                                                    99,218.99

| TOTAL | |
|---|---|
| CLAIMED | 0.00 |
| PRIORITY | 7,898.41 |
| SECURED | 20,623.85 |

Date: 11/27/2018

/s/ Ronda J. Winnecour

RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:
    JAMES M. KLOS

        Debtor(s)

    Ronda J. Winnecour
        Movant
        vs.
    No Repondents.

Case No.:13-10982 TPA

Chapter 13

Document No.:

**ORDER OF COURT**

AND NOW, this _____day of _____, 20____, upon consideration of the **Chapter 13 Trustee's Motion for Completion of Case and Approval of Trustee's Report of Receipts and Disursements (No Discharge)**, and following notice to the creditors and an opportunity to be heard, it is hereby **ORDERED, ADJUDGED and DECREED**, as follows:

(1).  This Court finds that the Chapter 13 plan, as supplemented by any and all amendments, has been fully and finally completed.

(2). The debtor(s) shall not receive a discharge in this case, due to the debtor(s)' receipt of a prior discharge within the statutory time period prior to the commencement of this case.

(3). To the extent not previously terminated, the wage attachment(s) issued in this case is/are immediately terminated and the debtor(s) shall serve a copy of this order on any affected employer(s).

(4). Property of the estate hereby revests in the debtor(s).  This revestment of property is free and clear of any and all claims or interests except as otherwise treated in the plan or in the Order confirming the Plan.  All restrictions of the debtor(s)' use of the property of the estate is hereby terminated.

(5). Each and every creditor is bound by the provisions of the completed plan, whether or not the claim of such creditor is provided for in the Plan, and whether or not such creditor has objected to, has accepted or  rejected the plan.  All mortgage and other secured debts provided for by the Plan are hereby found to be cured of any and all monetary defaults as of the payment date for which the Trustee last made a distribution, and no additional interest, late fees or penalties may be assessed for time periods or payments due prior to that date.

(6). After all distribution checks have been negotiated or funds deposited into the Court's registry, the Trustee shall file UST Form 13-FR-S: Chapter 13 Standing Trustee's Final Report and Account (the "Final Report").  Upon submission of the Final Report, the Trustee is discharged from her duties in this case and the case will be closed.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE